

# SEALED

**Office of the United States Attorney**
District of Nevada
333 Las Vegas Blvd., South, Suite 5000
Las Vegas, Nevada 891010
(702) 388-6336

DANIEL G. BOGDEN
United States Attorney
CHRISTINA M. BROWN
Assistant United States Attorney
333 Las Vegas Boulevard South, Suite 5000
Las Vegas, Nevada 89101
Phone: (702) 388-6336
Fax: (702) 388-6698

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

-oOo-

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:10-CR-211-JCM |
| Plaintiff, | |
| vs. | United States' *Ex Parte* Motion to Unseal Record and to Release Grand Jury Materials |
| ROBERT STEPHEN JACKSON, | Filed Under Seal |
| Defendant. | |

The United States, pursuant to FRCP 6(e)(3)(E)(i), respectfully moves the Court to unseal the record in the above-styled case and to authorize the United States to disclose grand jury materials to certain Clark County Assistant District Attorney employees involved in the prosecution of the defendant.

In support, the United States provides as follows:

1.      On May 12, 2010, the defendant was indicted by the federal grand jury sitting in Las Vegas, Nevada, for Unlawful Flight to Avoid Prosecution ("UFAP"), in violation of 18 U.S.C. §1073, relating to his flight to avoid Nevada state charges, including Attempted Murder and Assault with a Deadly Weapon. (Doc. 1) On motion of the United States, the indictment

1

and arrest warrant remained under seal.

2.      On or about May 24, 2011, this Court entered an order dismissing the indictment due to the defendant's arrest in Illinois and extradition to face trial in Nevada state court.

3.      The defendant's criminal trial[1] on the state charges underlying the UFAP indictment is scheduled to begin in August 2014. According to the Assistant District Attorney assigned to prosecute the defendant, the defendant's federal indictment for Unlawful Flight to Avoid Prosecution has become relevant in the state court proceeding as relates to the defendant's flight and consciousness of guilt. Additionally, the testimony of witnesses before the grand jury is relevant to the state judicial proceeding because this testimony relates to the defendant's actions after he fled the district following the incident resulting in his state charges.

4.      The United States accordingly requests an order unsealing the record to permit release of a copy of the indictment, arrest warrant and associated documents, and authorization to release the grand jury transcripts of witnesses.

5.      FRCP 6(e) requires the United States to obtain authorization from the Court prior to releasing grand jury materials to persons not specifically authorized. FRCP 6(e)(3)(E)(i) provides that the Court may authorize disclosure of a grand jury matter "preliminary to or in connection with a judicial proceeding."[2] A "judicial proceeding" includes state criminal trials.

---

[1] Clark County, Nevada District Court Case Number 11-C-274436-2.

[2] The party seeking disclosure "must show that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed." *In re Grand Jury Proceedings,* 62 F.3d 1175, 1179 -1180 (9th Cir. 1995), citing, *Douglas Oil Co. v. Petrol Stops Northwest,* 441 U.S. 211, 222 (1979) "As the secrecy concerns become less relevant, the party seeking disclosure 'will have a lesser burden in showing justification.'" *Id*, at 223. The most important factor in weighing need for continued secrecy is whether investigation is complete. After the investigation has terminated, "only 'institutional' concerns are implicated

2

*In re Grand Jury Proceedings*, 654 F.2d 268, 271-272 (3rd Cir. 1981).

6. Accordingly, the United States respectfully requests that this Court order that the above-styled case be unsealed, and authorize the United States to disclose to the following individuals the grand jury transcripts of witnesses: Clark County District Attorney Attorneys and their associated counsels, paralegals, investigators, experts, and secretaries.

DATED this the 19th day of June, 2014.

Respectfully Submitted,

DANIEL G. BOGDEN
UNITED STATES ATTORNEY

Christina M. Brown
Assistant United States Attorney

---

by the disclosure." *United States v. Dynavac*, 6 F.3d 1407, 1412 (9th Cir. 1993). The United States submits that because the federal investigation is complete, because the defendant's flight has been the subject of dispute in the state judicial proceeding, and because this matter involves the defendant (rather than a third party or other individuals), the secrecy concerns have greatly diminished while the relevance and need for access to the materials is compelling. *Id.*

3

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

-oOo-

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>ROBERT STEPHEN JACKSON,<br><br>　　　　Defendant. | )<br>)<br>) Case No. 2:10-cr-211-JCM<br>)<br>) <u>Findings of Fact, Conclusions of Law, and</u><br>) <u>Order</u><br>)<br>)<br>)<br>)<br>) |

## FINDINGS OF FACT

Based on the Motion of the attorney for the government, and good cause appearing therefore, the Court finds that:

1.　The grand jury returned an indictment on May 12, 2010, for a violation of 18 USC § 1073, Unlawful Flight to Avoid Prosecution. The indictment was dismissed on the government's motion on or about May 24, 2011, on the ground that the defendant had been arrested in the underlying state case.

2.　Witnesses before the grand jury testified to facts that the attorney for the government has cause to believe are material to the pending state judicial proceeding.

3.　The attorney for government further has cause to believe that the fact of defendant's federal indictment and associated arrest warrant is relevant in the defendant's state judicial proceeding.

4

## CONCLUSIONS OF LAW

4. FRCP 6(e) requires Court authorization prior to the release of grand jury materials to persons not specifically authorized.

5. Pursuant to FRCP 6(e)(3)(E)(i), the Court may authorize disclosure of a grand jury matter to avoid a possible injustice in another judicial proceeding, where the need for the disclosure is greater than the need for the continued secrecy, and where the request in structured to cover material only so needed.

## ORDER

6. Accordingly, this Court hereby orders the Clerk of the Court to unseal the record herein, and further authorizes the United States to disclose to the following individuals the transcripts of the witnesses who provided testimony before the grand jury: Attorneys and their associated counsels, paralegals, investigators, experts, and secretaries employed by the attorneys of record of the Clark County District Attorney's Office, who may disclose to other persons in the course of fulfilling discovery obligations.

DATED this 24th day of June 2014.

_____
UNITED STATES DISTRICT JUDGE

5